UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVAN BOYD,

    Plaintiff,

v.                                        Case No. 24-C-805

RUSSELL CLINE et al.,

    Defendants.

**DECISION AND ORDER**

    Plaintiff Ivan Boyd, who is confined at Redgranite Correctional Institution and representing himself, is proceeding on Eighth Amendment deliberate indifference claims based on allegations that Defendants refused to loosen and/or remove his handcuffs while he received medical treatment, causing him significant pain. Discovery closed on March 11, 2025, and dispositive motions are due by May 2, 2025. The day before the discovery deadline, Boyd filed a motion asking the Court for leave to depose parties and non-parties on the basis that, for the first time, one of the defendants had recently represented that he called his supervisor to ask whether he should remove the handcuffs. Boyd had asked the Court for leave to depose Defendants and non-Defendants and for help arranging the depositions (Boyd clarified that he would pay the associated costs). On March 18, 2025, the Court denied the motion, explaining that the Court could not assist him with arranging depositions. The Court also stated that it would not extend the discovery deadline to allow Boyd to arrange the depositions himself because Boyd had not explained why he waited a month after receiving Defendants' discovery responses before requesting an extension. Dkt. No. 14.

More than a month later, on April 22, 2025, Boyd filed a motion for reconsideration, although Boyd is not asking the Court to reconsider its denial of his request that the Court assist him with arranging depositions. Instead, Boyd asks the Court to reopen discovery to allow him time to serve follow-up discovery requests. The Court will deny Boyd's motion because he has not provided good cause for delaying resolution of this case. Boyd filed his motion for reconsideration about six weeks after discovery closed on March 11, 2025, and about eleven weeks after the defendant disclosed that he had called his supervisor for guidance. Boyd, who is an experienced litigant, offers no explanation why he waited so long after discovery closed before moving to extend the discovery deadline so he could serve follow-up discovery requests. Boyd also does not explain what follow-up discovery he believes he needs. As the Court previously explained to Boyd, summary judgment rises or falls on whether there is a dispute of fact. Boyd knows the facts of his case, and, if Defendants move for summary judgment, he will have the opportunity to present his version of what happened in an unsworn declaration pursuant to 28 U.S.C. §1746.

**IT IS THEREFORE ORDERED** that Boyd's motion for reconsideration (Dkt. No. 17) is **DENIED**.

Dated at Green Bay, Wisconsin this 29th day of April, 2025.

William C. Griesbach
United States District Judge