UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IVAN BOYD,

           Plaintiff,

v.                                              Case No. 24-C-805

RUSSELL CLINE et al.,

           Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Ivan Boyd, who is incarcerated at Redgranite Correctional Institution and representing himself, is proceeding on a claim that Defendants violated the Eighth Amendment when they refused to remove or loosen wrist restraints while he received medical treatment at the hospital. *See* Dkt. No. 8. Defendants moved for summary judgment on May 2, 2025. Dkt. No. 19. In a notice and order, the Court reminded Boyd that under Civil L. R. 56(b)(2) his response materials were due by June 2, 2025. Dkt. No. 26. The Court warned Boyd that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in Defendants' favor and the case being dismissed. The deadline passed, and Boyd did not respond to Defendants' summary judgment motion.

      The Court has reviewed Defendants motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Boyd's failure to respond, the Court finds that no

jury could reasonably conclude that Defendants were deliberately indifferent to the risk of harm Boyd faced from remaining restrained while he received medical treatment. As Defendants explain, although the nurse requested that the restraints be removed, she was clear that she could provide the needed care while Boyd remained restrained. Further, consistent with security policy, one of the officers called a supervisor to request permission to remove the restraints. For security reasons, the supervisor denied the request. Given the nurse's assertion that the restraints would not prevent her from providing the needed care and given that the officers complied with the policy requiring a supervisor's permission to remove the restraints, no jury could reasonably conclude that Defendants demonstrated deliberate indifference when they refused to remove the restraints while Boyd received medical treatment. Accordingly, Defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 19) is **GRANTED**, Defendants' motion to seal access to restricted security policies (Dkt. No. 22) is **GRANTED**, and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 13th day of June, 2025.

_____
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.